UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X  Case No.
YANET CORDOVA,

                                                                                                         **COMPLAINT**

                                            Plaintiff,

                                -against-                                                                                     **PLAINTIFF**
                                                                                                                     **DEMANDS A**
GKN AEROSPACE MONITOR, INC.                     **TRIAL BY JURY**

                                            Defendant.
------------------------------------------------------------------------X

Plaintiff, YANET CORDOVA, by her attorneys, PHILLIPS & ASSOCIATES, PLLC, hereby complains of the Defendant, upon information and belief, as follows:

## NATURE OF THE CASE

1. Plaintiff CORDOVA brings this action charging that Defendant violated <u>Title VII of the Civil Rights Act of 1964,</u> as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII") and seeks damages to redress the injuries she has suffered as a result of being subjected to gender discrimination (sexual harassment) and retaliation by the Defendant.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1331 and 1343.

3. Venue is proper in this District, pursuant to 28 U.S.C. § 1391(b), based upon the fact that the claims alleged herein took place within the Eastern District of New York.

## PROCEDURAL PREREQUISITES

4. Plaintiff filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunity Commission ("EEOC").

5. Plaintiff received Notices of the Right to Sue from the EEOC on March 11, 2016 with respect

to the herein charges of discrimination. A copy of the Notices is annexed hereto.

6. This Action is being commenced within 90 days of receipt of said Notices.

## PARTIES

7. Plaintiff YANET CORDOVA (hereinafter "CORDOVA") is a resident of the State of New York, Suffolk County.

8. Defendant GKN AEROSPACE MONITOR, INC. (hereinafter "GKN") is a domestic business corporation, with its principal executive office located at 550 Warrenville Road, Lisle, Illinois 60532.

9. At all times relevant, Defendant GKN owned and/or operated a manufacturing facility located at 1000 New Horizons Blvd, Amityville, New York 11701, where the discriminatory conduct referred to herein took place.

10. At all times material, Plaintiff CORDOVA was an employee of Defendant GKN, holding the position of Assembly Worker.

## MATERIAL FACTS

11. Defendant GKN hired Plaintiff CORDOVA as an Assembly Worker on or about October 18, 2004. At present, Plaintiff's yearly salary is approximately $40,000.00.

12. A couple weeks into her employment, GKN employee, Leadman Freddy Chuquilin, began subjecting Plaintiff CORDOVA to gender discrimination (sexual harassment).

13. At all times relevant, Mr. Chuquilin was Plaintiff's supervisor and/or exercised supervisory authority over Plaintiff. Mr. Chuquilin had the authority to hire, terminate, and/or affect the terms and conditions of Plaintiff's employment.

14. Shortly after Plaintiff began her employment, Mr. Chuquilin consistently followed her around and attempted to engage her in conversation unrelated to work.

15. Thereafter, in January, 2005, Mr. Chuquilin began asking Plaintiff to go out on dates. For instance, he frequently asked her to go out for coffee. Plaintiff declined these invitations.

16. In May, 2005, Mr. Chuquilin appeared at Plaintiff's home under the guise of discussing work-related matters. However, Mr. Chuquilin actually came to Plaintiff's home to ask her out on a date and give her a romantic CD. Plaintiff promptly told Mr. Chuquilin to get off of her property and not to give her romantic CD's.

17. Despite her admonition, Mr. Chuquilin disregarded Plaintiff's directive and showed up uninvited at her home on three subsequent occasions.

18. On his third appearance, in or around June, 2005, Mr. Chuquilin grabbed Plaintiff's arm and tried to kiss her on the lips. Plaintiff pushed him away and told him she was going to call the police. Mr. Chuquilin begged Plaintiff not to do so because he did not "have papers." He then promised to leave her alone.

19. However, the next day at work, Mr. Chuquilin resumed his sexual harassment of Plaintiff CORDOVA by inviting her on a date to go out for coffee. Once again, Plaintiff implored Mr. Chuquilin to cease his unlawful conduct.

20. Throughout 2005, Plaintiff repeatedly complained to Manager Nelson Bonilla about Mr. Chuquilin's unrelenting sexual harassment, to no avail. Mr. Bonilla merely assured Plaintiff that "it will pass." He did nothing to remedy Plaintiff's hostile work environment.

21. Undeterred, Mr. Chuquilin began touching Plaintiff in 2006. Almost daily, Mr. Chuquilin touched Plaintiff's arms and/or back, constantly walking passed her so that he could caress her. When Plaintiff complained to Mr. Bonilla, he laughed in response.

22. Moreover, whenever Plaintiff rejected Mr. Chuquilin's sexual advances, he would refer to her by derogatory names, including "prostitute." He also repeatedly called her "dirty" and

"easy."

23. In 2007, Plaintiff discovered her work instruments covered with pubic hair. Co-workers informed Plaintiff that they had observed Mr. Chuquilin near Plaintiff's work-station. Plaintiff promptly reported this incident to both Mr. Bonilla and supervisor Louis Montes. Upon information and belief, this incident was never investigated by GKN.

24. Plaintiff escalated her complaints of sexual harassment to Richie Valerie of Human Resources on multiple occasions throughout 2007 and 2008, but Mr. Chuquilin continued to sexually harass Plaintiff without an apparent repercussions.

25. In fact, Mr. Chuquilin consistently stared at Plaintiff in a lewd manner, which made her feel extremely uncomfortable.

26. Throughout 2013 and 2014, Mr. Chuquilin began taking advantage of his authority to oversee Plaintiff's work product by touching Plaintiff's hair, neck, and/or shoulders. This severe form of sexual harassment occurred almost every day.

27. By way of further example, in December, 2014, Mr. Chuquilin told Plaintiff her hair was "so beautiful" and suddenly grabbed her shoulder and attempted to kiss her near her mouth. Plaintiff was horrified and pushed Mr. Chuquilin.

28. Plaintiff complained to Mr. Montes about the above-mentioned conduct throughout 2013 and 2014. At this point, however, Mr. Montes appeared to simply accept Mr. Chuquilin's unlawful behavior. In response to one of Plaintiff's complaints, he asked her, "What do you want me to do about it?"

29. Mr. Chuquilin again attempted to kiss Plaintiff on the lips in January, 2015. Once again, she directed him not to touch her and pushed him away.

30. In addition to complaining to Manager Fred Crane on a few occasions, Plaintiff

CORDOVA telephoned Defendant GKN's hotline to report Mr. Chuquilin's sexual harassment.

31. Upon information and belief, GKN finally performed an investigation into Mr. Chuquilin's conduct.

32. However, Plaintiff is not aware of any disciplinary action that has been taken against Chuquilin.

33. Moreover, Mr. Chuquilin continues to stare at Plaintiff, causing her to be uncomfortable at work.

34. To date, Defendant GKN has failed to adequately remedy the hostile work environment established by Mr. Chuquilin.

35. In fact, Plaintiff has suffered retaliation for her complaints of sexual harassment.

36. By way of example, she has received multiple write-ups from Mr. Chuquilin himself as well as from Mr. Montes (a friend of Mr. Chuquilin).

37. The foregoing constitute only some of the discriminatory and/or retaliatory acts to which Plaintiff was subjected.

38. Plaintiff was unlawfully treated, humiliated, degraded, victimized and embarrassed and, as a result, suffers loss of rights, emotional distress and/or physical ailments and injuries.

39. As a result of the acts and conduct complained of herein, Plaintiff CORDOVA has suffered and will continue to suffer emotional pain, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

40. Defendant's conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law. As such, Plaintiff demands punitive damages as against the Defendant.

## FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII

41. Plaintiff CORDOVA repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

42. This claim is authorized and instituted pursuant to the provisions of Title VII for relief based upon the unlawful employment practices of the Defendant. Plaintiff complains of Defendant's violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender (sexual harassment).

43. Defendant GKN engaged in unlawful employment practices prohibited by Title VII by discriminating against Plaintiff CORDOVA because of her gender (sexual harassment).

## SECOND CAUSE OF ACTION
## FOR RETALIATION UNDER TITLE VII

44. Plaintiff CORDOVA repeats and realleges each and every allegation made in the above paragraphs of this Complaint.

45. Title VII, 42 U.S.C. § 2000e-3(a), provides that it shall be unlawful employment practice for an employer "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

46. Defendant GKN engaged in unlawful employment practice prohibited by Title VII by discriminating against Plaintiff CORDOVA with respect to the terms, conditions and/or privileges of employment because of her opposition to gender discrimination (sexual harassment).

6

## JURY DEMAND

47. Plaintiff CORDOVA hereby requests a jury trial.

**WHEREFORE**, Plaintiff CORDOVA respectfully requests a judgment against the Defendant:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by Title VII in that Defendant subjected Plaintiff CORDOVA to gender discrimination (sexual harassment) and retaliation;

B. Awarding Plaintiff CORDOVA compensatory damages for mental, emotional and/or physical injury, distress, pain and suffering and injury to reputation;

C. Awarding Plaintiff CORDOVA punitive damages;

D. Awarding Plaintiff CORDOVA attorneys' fees, costs, and expenses incurred in the prosecution of this action;

E. Awarding Plaintiff CORDOVA such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: New York, New York
June 3, 2016

PHILLIPS & ASSOCIATES,
ATTORNEYS AT LAW, PLLC

/s/
**Joshua P. Frank, Esq.**
**Dorina Cela, Esq.**
*Attorneys for Plaintiff*
45 Broadway, Suite 620
New York, NY 10006
(212) 248-7431 (telephone)
jfrank@tpglaws.com
dcela@tpglaws.com

ᴅ (11/09)    **U.S. Eǫᴜᴀʟ Eᴍᴘʟᴏʏᴍᴇɴᴛ Oᴘᴘᴏʀᴛᴜɴɪᴛʏ Cᴏᴍᴍɪssɪᴏɴ**

### Nᴏᴛɪᴄᴇ ᴏғ Rɪɢʜᴛ ᴛᴏ Sᴜᴇ *(Issᴜᴇᴅ ᴏɴ Rᴇǫᴜᴇsᴛ)*

| To: | Yanet Cordova<br>884 South 5th Street<br>Lindenhurst, NY 11757 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

☐ *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 846-2015-35189 | Jeanette Jimenez,<br>Investigator | (212) 336-3761 |

*(See also the additional information enclosed with this form.)*

**Nᴏᴛɪᴄᴇ ᴛᴏ ᴛʜᴇ Pᴇʀsᴏɴ Aɢɢʀɪᴇᴠᴇᴅ:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐ The EEOC is terminating its processing of this charge.

☒ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*[signature]*

Kevin J. Berry,
District Director

MAR 1 1 2016
*(Date Mailed)*

Enclosures(s)

cc:  GKN AEROSPACE MONITOR, INC          Joshua P. Frank, Esq.
     c/o Allison E. Ianni, Esq.           PHILIPS & ASSOCIATES
     Ogletree Deakins                     45 Broadway
     1745 Broadway                        Suite 620
     22nd Floor                           New York, NY 10006
     New York, NY 10019

b1-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Yanet Cordova<br>884 South 5th Street<br>Lindenhurst, NY 11757 | From: | New York District Office<br>33 Whitehall Street<br>5th Floor<br>New York, NY 10004 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 520-2016-00931 | Jeanette Jimenez, Investigator | (212) 336-3761 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

☐ More than 180 days have passed since the filing of this charge.

☒ Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

☐ The EEOC is terminating its processing of this charge.

☒ The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

☐ The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

☐ The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_Kevin J. Berry_ (signature)

Kevin J. Berry,
District Director

MAR 1 1 2016
(Date Mailed)

Enclosures(s)

cc: GKN AEROSPACE MONITOR, INC
c/o Allison E. Ianni, Esq.
Ogletree Deakins
1745 Broadway
22nd Floor
New York, NY 10019

Joshua P. Frank, Esq.
PHILIPS & ASSOCIATES
45 Broadway
Suite 620
New York, NY 10006